**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESUS H.,<br><br>                    Plaintiff,<br><br>          v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. ED CV 20-1155-E<br><br><br>**ORDER OF DISMISSAL** |

Plaintiff filed this social security action on June 5, 2020.  The Court remanded the action to the Commissioner for further proceedings on May 14, 2021.

According to Defendant's "Motion to Reopen Case," filed September 24, 2025, on remand the Commissioner issued a decision partially favorable to Plaintiff.  The Court reopened the action on September 25, 2025, and Defendant filed the Administrative Record on October 22, 2025.

///

///

On January 12, 2026, the Court issued the following order:

> Plaintiff's opening brief is overdue.  Within twenty (20) days of the date of this order, Plaintiff shall either:  (1) file Plaintiff's opening brief; or (2) file declaration(s), signed under penalty of perjury, attempting to show cause, if there be any, why this action should not be dismissed for failure to prosecute.  Failure timely to comply with this order may be deemed consent to the dismissal of this action.

Nevertheless, Plaintiff failed to file anything within the allotted time.

In view of the circumstances discussed above, this action is dismissed without prejudice for failure to prosecute.  See Link v. Wabash, R.R., 370 U.S. 626, 629-30 (1952) (court has inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.), cert. denied, 506 U.S. 915

///
///
///
///
///
///
///
///
///
///
///

2

(1992) (court may dismiss action for failure to comply with a court order, after the court considers the appropriate factors);[1] see also Fed. R. Civ. P. 41(b).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  February 9, 2026

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has considered the appropriate factors recited in Ferdik v. Bonzelet and has concluded that dismissal without prejudice is appropriate.  In particular, any less drastic alternative would not be effective under the circumstances of this case.

3